UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**    JS-6

| Case No. | CV 12-3403 CAS (SSx) | Date | August 10, 2012 |
|---|---|---|---|
| Title | GARABED YEGAVIAN v. FAUSTO MENDEZ; ET AL. | | |

Present: The Honorable    CHRISTINA A. SNYDER

| CATHERINE JEANG | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not Present | Not Present |

**Proceedings:**    (In Chambers) **ORDER DISMISSING CASE WITHOUT PREJUDICE**

## I.   INTRODUCTION

On July 5, 2011, plaintiff Garabed Yegavian filed a complaint against defendant Advanced Medical Analysis, LLC ("Advanced Medical"), seeking unpaid overtime wages pursuant to the California Labor Code and the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"). See Case No. CV 11-5530 SS (Yegavian I). Plaintiff consented to proceed in front of the magistrate judge in Yegavian I. Dkt. No. 14. On May 11, 2012, counsel for Advanced Medical filed a notice of withdrawal. Dkt. No. 41. Because corporations may not proceed *pro se*, plaintiff sought default to force Advanced Medical into bankruptcy to freeze its assets. By order dated June 14, 2012, the magistrate judge declined to enter default and instead stayed any filings in the case for 30 days to permit Advanced Medical to retain new counsel. Dkt. No. 51.

On April 19, 2012, while Yegavian I was pending, plaintiff filed a nearly identical complaint against Advanced Medical's sole owner, Fausto Mendez, seeking the recovery of overtime wages pursuant to the FLSA. See Case No. CV 12-3403 CAS (SSx) (Yegavian II). While the Yegavian I complaint asserts that plaintiff was "jointly employed" by Advanced Medical and an unnamed second party, see Dkt. No. 1, Case No. CV 11-5530 ¶ 6, the Yegavian II complaint alleges that plaintiff was jointly employed by Advanced Medical and Fausto Mendez. Dkt. No. 1, Case No. CV 12-3403 ¶ 5. Both actions arise out of plaintiff's joint employment with the two defendants and rest on the same alleged wrongs. Compare id.

○

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     JS-6

| Case No. | CV 12-3403 CAS (SSx) | Date | August 10, 2012 |
|---|---|---|---|
| Title | GARABED YEGAVIAN v. FAUSTO MENDEZ; ET AL. | | |

On June 20, 2012, less than one week after the magistrate judge stayed Yegavian I for 30 days, plaintiff declined to proceed in front of the magistrate in Yegavian II despite the complaints being nearly identical. Dkt. No. 13. On June 25, 2012, the Court ordered plaintiff to show cause why Yegavian II should not be dismissed for failure to avail himself of Federal Rules of Civil Procedure 15 and 16 in Yegavian I. Dkt. No. 14 ("OSC").

Plaintiff filed a response to the OSC on July 25, 2012. Dkt. No. 16. Plaintiff argues that dismissal is inappropriate for three reasons: first, because the stay in Yegavian I was in effect when the Court issued its OSC, making it "impossible" for plaintiff to file a motion for leave to amend at that time; second, because the March 7, 2012 deadline for amending pleadings in Yegavian I had passed; and finally, because there is "no authority to dismiss a case" where the party "did not exercise a permissive right under Rule 15 and or 16." Id. at 1–2.

Plaintiff's response fails to answer why he never sought to amend the complaint in Yegavian I to include Fausto Mendez as a defendant in the months preceding the withdrawal of Advanced Medical's counsel, nor does plaintiff acknowledge that he could have waited until the 30-day stay was lifted to file a motion for leave to amend pursuant to Rule 16. Rather, it appears that plaintiff is purposefully violating the spirit of the local rules by filing Yegavian II for the sole purpose of having the case heard by a different judge. Because the cases are virtually identical, permitting both actions to proceed simultaneously in front of different judges presents a serious risk of inconsistent rulings.

Accordingly, the instant action, Yegavian II, is hereby DISMISSED WITHOUT PREJUDICE. Plaintiff may, if he chooses, move for leave to amend his complaint in Yegavian I to include Fausto Mendez as a party. Fed. R. Civ. P. 16.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| | Initials of Preparer | | CMJ |